# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2013

Lyle W. Cayce
Clerk

No. 12-60431
Summary Calendar

MANOJ KUMAR KARKI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 592 123

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Petitioner Manoj Kumar Karki, a native and citizen of Nepal, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Karki concedes that he is removable as charged. He argues that his mistreatment by Maoists rose to the level of persecution and was principally motivated by his association with the Royal Nepalese Army, and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he has a well-founded fear of future persecution in Nepal. We review the BIA's findings of fact for substantial evidence, and its conclusions of law *de novo*. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

The BIA affirmed the IJ's denial of Karki's asylum claim on three independent grounds. First, the BIA held that the mistreatment alleged by Karki—specifically, that he was slapped on two occasions and threatened on three occasions—"was not sufficiently severe to constitute persecution." We agree. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006) (noting that "extreme conduct" is required to establish persecution); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding that petitioner who was "struck in the head with a rock while walking to church" and exposed to "denigration, harassment, and threats" did not establish past persecution); *see also Chen v. Ashcroft*, 46 F. App'x 732 (5th Cir. 2002) (per curiam) (holding that fines, slaps, punches, and kicks by agents of the Chinese government did not rise to the level of extreme conduct necessary to compel a finding of past persecution). Second, the BIA endorsed the factual finding of the IJ that Karki's mistreatment was not motivated by his "political opinion or any other protected characteristic." This finding is supported by substantial evidence. Although Karki's former membership in and support for the Royal Nepalese Army may qualify as a protected characteristic, *In re C-A-*, 23 I. & N. Dec. 951, 955 (B.I.A. 2006), the record supports the BIA's finding that his mistreatment was motivated not by his association with the army, but by a desire to convince him to join the Maoist cause. Third, the BIA concurred with the IJ's determination that Karki "did not demonstrate that he has a well-founded fear of [future] persecution in Nepal." We perceive no error in the BIA's weighing of the *Chen* factors. *See Chen v. Gonzales*, 470 F.3d 1131, 1135–36 (5th Cir. 2006). In sum, we conclude that the denial of Karki's application for asylum is supported by substantial evidence.

Karki's failure to satisfy the lower burden of proof necessary to obtain asylum prevents him from satisfying the higher burden of proof for withholding of removal. *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006).

With respect to his CAT claim, Karki provided no evidence that he was tortured in the past, and his three unfortunate encounters with Maoists do not establish that it is more likely than not that he would be singled out by the government for torture if he returns to Nepal. *See Tamara-Gomez v. Gonzales,* 447 F.3d 343, 350–51 (5th Cir. 2006) ("[R]elief under the [CAT] requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture.") (internal footnote omitted); *see also Alcantara v. Holder,* 493 F. App'x 511, 514–15 (5th Cir. 2012) (per curiam) (holding that substantial evidence supported the BIA's determination that petitioner did not show that it was more likely than not that he would be tortured by state authorities upon his return to Mexico).

The petition for review is DENIED.